UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 20-50288

MICHIGAN PROPERTY MANAGERS.COM, LLC,  Chapter 7

Judge Thomas J. Tucker

Debtor.
_____/

**FINAL ORDER REGARDING THE CHAPTER 7 TRUSTEE'S MOTION
FOR ORDER DETERMINING ESTATE'S INTEREST IN BANK FUNDS**

This case came before the Court for a telephonic hearing on December 9, 2020, on the motion filed by the Chapter 7 Trustee, entitled "Trustee's Motion for Order Determining Estate's Interest in Bank Funds" (Docket # 32, the "Motion"). Attorneys for the Chapter 7 Trustee and for numerous parties in interest appeared at the hearing, all by telephone. For the reasons stated by the Court on the record during the hearing, the Court entered an Order on December 9, 2020 (Docket # 70, the "December 9 Order").

In the December 9 Order, the Court made what it called "*tentative* rulings, and *tentative* findings of fact and conclusions of law" regarding the Motion (italics in original). The December 9 Order gave the Chapter 7 Trustee and all parties in interest the right to file objections to any one or more of the tentative rulings and tentative findings of fact and conclusions of law. The Order required that any such objections be filed no later than January 8, 2021. The Court further ordered that:

> [I]f no timely objections are filed, the Court may enter an order making *final* its tentative rulings/findings of fact/conclusions of law stated above. If any timely objections are filed, the Court will review them, and may schedule a further hearing or other further proceedings, as needed, by separate notice or order(s), and ultimately the Court will decide what *final* rulings/findings of fact/conclusions of law to make.

(italics in original).

Only one objection was filed. That objection was filed by on December 22, 2020, by the law firm Finkel, Whitefield, Selik ("Finkel Whitefield") (Docket # 77, the "Objection"). The Objection concerned the security deposit funds in the sum of $137,671.76 held in the Finkel Whitefield IOLTA account. As to those funds, the December 9 Order found as follows:

> Of the $354,728.02 balance that the Motion (¶ 22) identifies as being in the IOLTA account of attorney Stephen Feldman, the sum of $137,671.76 represents security deposit funds that the Debtor held in trust as of the bankruptcy petition date, and these are therefore funds in which the bankruptcy estate has no equitable interest, under 11 U.S.C. § 541(d). The remaining funds, *i.e.*, $217,056.26, are property of the bankruptcy estate, in which the bankruptcy estate has both legal title and sole equitable interest.

(December 9 Order at ¶ 1 (footnote omitted)).

The Objection agrees with the Court's finding that the $137,671.76 sum represents security deposit funds that the Debtor held in trust as of the bankruptcy petition date, and the Objection does not object to or disagree with the Court's finding that these trust funds are "funds in which the bankruptcy estate has no equitable interest, under 11 U.S.C. § 541(d)." But the Objection objects to the Court's conclusion, in paragraph 3 of the December 9 Order, that "[t]he Chapter 7 Trustee may not administer" these trust funds. Rather, the Objection argues that the Court should allow the Chapter 7 Trustee to administer these funds.

The Court must overrule the Objection. The $137,671.76 in trust funds are not property of the bankruptcy estate that the Chapter 7 Trustee may administer. The Court is aware of no legal authority that would permit the Trustee to administer these funds, and the Objection cites no such legal authority.

For these reasons,

IT IS ORDERED that the Objection (Docket # 77) is overruled.

IT IS FURTHER ORDERED that the December 9 Order, and all of the tentative rulings and tentative findings of fact and conclusions of law stated in the December 9 Order (Docket # 70) are now final, and the Court incorporates them into this Order by reference and adopts them as final.

**Signed on January 13, 2021**



/s/ **Thomas J. Tucker**
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**