UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  Case No. 20-50288

MICHIGAN PROPERTY MANAGERS.COM, LLC,  Chapter 7

Judge Thomas J. Tucker

Debtor.
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

    This case is before the Court on the motion filed by Finkel, Whitefield Selik ("Finkel Whitefield") on January 19, 2021, entitled "Motion for Reconsideration and/or Clarification of the Court's Order Determining Estate's Interest In Bank Funds" (Docket # 89, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's January 13, 2021 Order (Docket # 83). The Court will deny the Motion, for the following reasons.

    **First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).

    **Second**, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), or grounds under Fed. R. Civ. P. 60(b)(6), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the January 13, 2021 Order.

    **Third**, Finkel Whitefield lacks standing to seek the relief sought in the Motion. In the January 13, 2021 Order, the Court made the following findings and conclusions, on a final basis:

> Of the $354,728.02 balance that the [Chapter 7 Trustee's Motion (Docket # 32 at ¶ 22)] identifies as being in the IOLTA account of attorney Stephen Feldman, the sum of $137,671.76 represents security deposit funds that the Debtor held in trust as of the bankruptcy petition date, and these are therefore funds in which the bankruptcy estate has no equitable interest, under 11 U.S.C. § 541(d). The remaining funds, *i.e.*, $217,056.26, are property of the bankruptcy estate, in which the bankruptcy estate has both legal title and sole equitable interest.

Finkel Whitefield now seeks a modification of the Court's January 13, 2021 Order to increase the amount of the funds found to be security deposit funds, from the $137,671.76 amount found by the Court, to $246,978.20. (This, in turn, would reduce the amount of funds in the IOLTA

account that are property of the bankruptcy estate, from $217,056.26 to $107,749.82).

But Finkel Whitefield itself has no financial stake in the issue of how much of the funds in the IOLTA account are security deposit funds.[1] This is because Finkel Whitefield does not claim to be a creditor in this bankruptcy estate, and makes no claim to any of the funds in the IOLTA account; rather, all such funds belong to others. Finkel Whitefield therefore lacks standing to seek a finding by this Court that more than $137,671.76 represents security deposit funds rather than property of the bankruptcy estate. Finkel Whitefield's present Motion must be denied for lack of standing. *See generally In re Underwood*, 583 B.R. 438, 440-41 (Bankr. E.D. Mich. 2018) (standing in a bankruptcy case requires that one have a "pecuniary interest" in the outcome).

**Fourth**, even if Finkel Whitefield had standing to make the argument it now makes in the Motion, it fails to demonstrate, or explain how its Motion Exhibit A, an unauthenticated, unexplained document, proves that this Court made an error, let alone an error that amounts to a "palpable defect,"[2] in determining that the security deposit portion of the funds in the IOLTA account is $137,671.76. The Court made that determination at the conclusion of the December 9, 2020 hearing, after discussing at length, with the parties who appeared at that hearing, the detailed facts presented by the Chapter 7 Trustee's November 4, 2020 motion, entitled "Trustee's Motion for Order Determining Estate's Interest in Bank Funds" (Docket # 32, the "Trustee's Motion").

**Fifth**, even if Finkel Whitefield had standing to make the argument it now makes in the Motion, Finkel Whitefield waived such argument. It did so by: (1) failing to make the argument in a response, or file any response at all, to the Chapter 7 Trustee's Motion;[3] (2) failing to appear and make the argument at the December 9, 2020 hearing on the Trustee's Motion; (3) failing to make the argument in any timely objection to the Court's December 9, 2020 Order (Docket # 70) (the due date of which was January 8, 2021); (4) filing, on December 22, 2020, a timely

---

[1] None of the parties claiming to have a such a financial stake filed any timely objection to the Court's finding, in its December 9, 2020 Order, that the amount of security deposit funds in the IOLTA account is $137,671.76. The December 9 Order gave all parties in interest an opportunity to object to this finding, no later than January 8, 2021, and none did so.

[2] A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Fieger & Fieger P.C. v. Nathan* (*In re Romanzi*), No. 16-13986, 2017 WL 1130091, at *2 (E.D. Mich. March 27, 2017) (citations omitted).

[3] The Chapter 7 Trustee's Motion asked the Court to determine that ***all*** $354,728.02 of the funds in the IOLTA account is property of the bankruptcy estate, and that the Court should not consider ***any*** of the funds in the IOLTA account as trust funds in the nature of security deposits. The Trustee argued for this result because, he argued, the trust fund money consisting of the security deposits could not be sufficiently traced. (*See* Trustee's Motion (Docket # 32) at pdf pages 6-7, ¶¶ 28-30, pdf page 8, and proposed order at pdf page 9). Not only did Finkel Whitefield not object to this, but also it stated, in its December 22, 2020 objection (*see* Docket # 77 at ¶ 2) that it ***had agreed*** with the relief requested by the Trustee's Motion.

objection to the Court's December 9, 2020 Order (Docket # 77), but failing to make the argument in that objection;[4] (5) affirmatively stating, in its December 22, 2020 objection (*see* Docket # 77 at ¶ 4), that the sum of the security deposits in the IOLTA account is $137,671.76, as stated in the Court's December 9, 2020 Order.[5]

**Sixth**, and relatedly, even if Finkel Whitefield had standing to make the argument it now makes in the Motion, such argument cannot be made for the first time in a motion for reconsideration, only after the Court has made its ruling. Finkel Whitefield does not allege any valid reason why it could not have made its argument sooner. Finkel Whitefield waived the argument by failing to make it before the Court made its final ruling on the Chapter 7 Trustee's Motion and entered the January 13 2021 Order. *See In re Madison Heights Group, LLC*, 506 B.R. 734, 736 (Bankr. E.D. Mich. 2014); *see also Riverview Trenton R.R. Co. v. DSC, Ltd.* (*In re DSC, Ltd*), 486 F.3d 940, 947 (6th Cir.2007) (citing with approval, and applying, *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir.1994) for the proposition that "objections raised for the first time in a reconsideration motion are deemed to have been waived"); *Evanston Ins. Co. v. Cogswell Props., LLC*, 683 F.3d 684, 692 (6th Cir.2012) (citations omitted) ("Arguments raised for the first time in a motion for reconsideration are untimely and forfeited on appeal.").[6]

Accordingly,

IT IS ORDERED that the Motion filed by Finkel Whitefield (Docket # 89) is denied.

**Signed on February 2, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[4] Rather, Finkel Whitefield's December 22, 2020 objection argued only that the Court should allow the Chapter 7 Trustee to administer the $137,671.76 in security deposit funds. The Court rejected this argument, for the reasons stated in the Court's January 13, 2021 Order (Docket # 83).

[5] Finkel Whitefield acknowledges in its Motion (*see* Docket # 89 at ¶ 7) that its December 22, 2020 objection agreed with the $137,671.76 amount, but now says that this was an "error."

[6] The Sixth Circuit noted in the *Evanston Ins. Co.* case that this waiver rule can be overlooked "'in exceptional cases ... or when the rule would produce a plain miscarriage of justice.'" *See id.* (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir.2008)); *see also Wiley*, 20 F.3d at 226 (citations omitted) ("[W]e will review such objections [*i.e.*, objections, to a party's materials submitted in support of a summary judgment motion, that were made for the first time in a motion for reconsideration] only to avoid a gross miscarriage of justice.").

The Court concludes that in this case the normal waiver rule should be applied, because doing so does not produce a "plain" or "gross" miscarriage of justice; nor is this an "exceptional case" for overlooking the normal waiver rule.