UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                       Case No. 20-50288

MICHIGAN PROPERTY MANAGERS.COM,       Chapter 7
 LLC,

                                                       Judge Thomas J. Tucker

           Debtor.
_____/

**ORDER DENYING CREDITOR'S MOTION TO AMEND JUDGMENT**

       This case is before the Court on the motion filed by Residential Investment Group, LLC ("Residential") on January 27, 2021, entitled "Motion of Residential Investment Group, LLC to Amend Judgment Entered under Court's Final Order Regarding the Chapter 7 Trustee's Motion for Order Determining Estate's Interest in Bank Funds" (Docket # 92, the "Motion"), which the Court construes as a motion for reconsideration of, for relief from, and/or for modification of, the Court's January 13, 2021 Order (Docket # 83). The Court will deny the Motion, for the following reasons.

       **First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.).

       **Second**, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), or grounds under Fed. R. Civ. P. 60(b)(6), Fed. R. Bankr. P. 9024, or any other valid ground for relief from or modification of the January 13, 2021 Order.

       **Third**, the Motion seeks relief that this Court has no authority or jurisdiction to grant. The Motion asks the Court to "identify a person or entity who shall take possession, in trust, of the tenant security deposits quantified at $137,671.76 under [the January 13, 2021 Order)], and administer and disburse such deposits." (Docket # 92 at pdf page 1). The Motion further asks the Court to name, as that person, Residential's "stakeholder, Ara J. Darakjian, on behalf of an entity to be determined by him." (*Id.*) The Motion does not contest the Court's finding, in the January 13, 2021 Order, that the $137,671.76 in security deposit funds at issue are not property of the bankruptcy estate, and that the Chapter 7 Trustee, therefore, may not administer such funds.

       This Court lacks any authority or jurisdiction to grant the relief requested. The bankruptcy court has no authority or jurisdiction over property that is not property of the bankruptcy estate. *See generally* 28 U.S.C. § 1334(e)(1) (court's jurisdiction extends over "all of the property, wherever located, of the debtor as of the commencement of [the bankruptcy case], and of property of the [bankruptcy] estate."). The funds at issue were not property of the Debtor as of the petition

date, or ever, and they are not property of the bankruptcy estate.

The bankruptcy court has no power to appoint someone to administer and disburse funds that do not belong to the bankruptcy estate. The Motion cites no authority suggesting otherwise. 11 U.S.C. § 105(a), cited by the Motion, does not authorize the relief requested. In substance, the Motion asks the Court to appoint a receiver to take control over the funds at issue. But the Bankruptcy Code expressly forbids such a thing. *See* 11 U.S.C. § 105(b) ("Notwithstanding [§ 105(a)], a court may not appoint a receiver in a case under this title.").

Accordingly,

IT IS ORDERED that the Motion (Docket # 92) is denied.

**Signed on February 2, 2021**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**